UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARRIE SUMNICHT, an individual,

    Plaintiff,

CASE NO.:

vs.

THRIVE SENIOR LIVING, LLC, a
foreign limited liability company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Carrie Sumnicht ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, Thrive Senior Living, LLC ("Defendant"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action against Defendant for unlawful interference and retaliation under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA").

## JURISDICTION, PARTIES, VENUE, ETC.

2. This Court has jurisdiction over this claim arising out of the FMLA pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as the events or omissions giving rise to the claims alleged herein occurred within the jurisdiction of the Middle District of Florida, Fort Myers Division and because all of the facts and allegations that form the basis of this Complaint occurred within Lee County, Florida. 28 U.S.C. § 89.

4. Defendant is a foreign limited liability corporation domiciled and transacting business in Lee County, Florida. Defendant has in excess of 50 employees within 75 miles of where Plaintiff worked.

5. Plaintiff was and is a resident of Lee County, Florida. At all times pertinent, Plaintiff worked for Defendant in Lee County, Florida.

6. Defendant is a covered entity within the meaning of 29 U.S.C. § 2611 (4).

7. Plaintiff is a covered employee within the meaning of 29 U.S.C. § 2611 (2).

8. Plaintiff has retained counsel and is obligated to pay a reasonable fee for services rendered.

## FACTS

9. For approximately two (2) years, through the January 31, 2020 termination, Defendant employed Plaintiff within the jurisdiction of the Middle District of Florida, Fort Myers Division. Defendant employed Plaintiff as a full time, LPN Team Leader.

10. In or around September 2019, Plaintiff notified management that she required intermittent FMLA leave due to a serious health condition. Her supervisor, Tracy Anderson, gave Plaintiff a very difficult time, stating she could not take FMLA leave because they were "under-staffed." Plaintiff pursued the matter, and was ultimately approved for intermittent FMLA leave.

11. Due to her serious health condition, Plaintiff was forced to take intermittent FMLA leave, as needed, which Plaintiff sought and which Defendant approved. Beginning September 24, 2019, Plaintiff began using her intermittent leave, up to and through December 2019.

12. In or around December 2019, while on intermittent leave, Plaintiff discovered that her direct supervisor, Ms. Anderson, submitted a complaint to corporate about Plaintiff, complaining that Plaintiff was unreliable because of her use of her approved FMLA time.

13. During a teleconference with the corporate Human Resources representative, Chanaay Thomas, to discuss the complaint from Ms. Anderson, it was discovered that Defendant had improperly labeled Plaintiff's FMLA leave time as continuous, rather than intermittent. Plaintiff requested that this be corrected. Instead, Defendant insisted that Plaintiff would need to re-file all her prior paperwork for the FMLA she had already been approved for.

14. On or about January 21, 2020, while Plaintiff was out on FMLA, Defendant sent Plaintiff a letter requesting that she provide further FMLA documentation (to fix a mistake that was not hers to begin with) to a third-party provider, Guardian, by January 27, 2020. Plaintiff should not have had to provide documentation for the time she had already been previously approved for, but submitted the documentation to Guardian nonetheless.

15. On or about January 29, 2020, Guardian received Plaintiff's documentation. Plaintiff was diligent in returning the documentation to Guardian, and returned the paperwork to Guardian as soon as she was able.

16. On or about January 31, 2020, Defendant terminated Plaintiff, claiming that Plaintiff had failed to provide "documentation to substantiate her FMLA claim." However, Plaintiff confirmed with Guardian that they were in receipt of her documentation.

17. Defendant improperly required Plaintiff to provide documentation.

18. Defendant failed to provide Plaintiff adequate time to return the documentation.

19. Defendant failed to adequately inform Plaintiff of any deficiency in the documentation.

20. Defendant failed to provide Plaintiff an opportunity to cure any deficiency with the documentation.

21. Defendant penalized Plaintiff for taking FMLA leave.

22. Defendant wrongfully terminated Plaintiff for her FMLA leave.

23. All conditions precedent to the filing of this lawsuit have been met or otherwise waived.

## COUNT I
## FMLA – INTERFERENCE

24. Plaintiff re-alleges and incorporates paragraphs 1–23 above as if set forth fully herein.

25. Plaintiff engaged in a statutorily protected activity when she attempted to take intermittent FMLA leave from work for her serious health condition.

26. Plaintiff was entitled to take FMLA leave.

27. As set forth above, Defendant interfered with Plaintiff's rights under the FMLA. Defendant discouraged Plaintiff from applying for FMLA. Defendant complained about Plaintiff using FMLA. Defendant improperly required Plaintiff to re-submit FMLA documentation. Defendant failed to Provide Plaintiff adequate time to return requested documentation. Defendant failed to inform Plaintiff of any deficiency in her documentation. Defendant. Defendant failed to provide Plaintiff an opportunity to cure any deficiency with

her documentation. And Defendant penalized and terminated Plaintiff for taking FMLA leave.

28. Plaintiff has suffered financial damages as a result of the interference.

29. Defendant's violations were knowing and willful.

WHEREFORE, Plaintiff, demands judgment for damages against Defendant, for back pay, front pay, lost past and future employment benefits, liquidated damages, reinstatement of employment and benefits, reasonable attorneys' fees and costs, and any other relief the Court deems appropriate and just.

## COUNT II
## FMLA – RETALIATION

30. Plaintiff re-alleges and incorporates paragraphs 1–23 as if set forth fully herein.

31. Plaintiff engaged in a statutorily protected activity when she attempted to take leave from work for her serious health condition.

32. Plaintiff was retaliated against for attempting to take, and for taking, FMLA leave and was terminated as a result of, and in retaliation for, her desire to take FMLA leave and/or for her use of FMLA leave.

33. Plaintiff suffered an adverse employment action when she was terminated by Defendant following Plaintiff's FMLA leave.

34. Plaintiff's termination was causally related to her engagement in a statutorily protected activity.

35. Plaintiff has suffered financial damages as a result of the retaliation.

36. Defendant's violations were knowing and willful.

WHEREFORE, Plaintiff, demands judgment for damages against Defendant, for back pay, front pay, lost past and future employment benefits, liquidated damages, reinstatement of employment and benefits, reasonable attorneys' fees and costs, and any other relief the Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

s/ Bradley P. Rothman
Bradley P. Rothman
Florida Bar No. 0677345
brothman@weldonrothman.com
WELDON & ROTHMAN PL
2548 Northbrooke Plaza Drive
Naples, Florida 34119
Tel: (239) 262-2141
Fax: (239) 262-2342
*Counsel for Plaintiff*